```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

 RAUL NUNEZ,
                                              **MEMORANDUM AND ORDER**
                                              **DENYING MOTION TO AMEND**
                      Plaintiff,

    -against-                                  15-cv-1369(KAM)


 SUPERINTENDENT CHRISTOPHER MILLER,


                      Defendant.

------------------------------------X
```
**KIYO A. MATSUMOTO, United States District Judge**:

Presently before the court is petitioner Raul Nunez's May 3, 2018 Motion to Amend his Petition for Writ of *Habeas Corpus*. (*See* ECF No. 34, Motion to Amend; ECF No. 1, Petition for Writ of *Habeas Corpus*.) Respondent opposed the application to amend the petition on June 11, 2018, (*See* ECF No. 35, Opposition to Motion to Amend), and, at the court's request, submitted the October 11, 2017 decisions on petitioner's § 440.20 motion on March 21, 2019. (ECF No. 36, Supplemental State Court Record.) For the reasons stated below, petitioner's Motion to Amend is denied.

## I. Background

Petitioner filed his original *habeas* petition on March 16, 2015. Respondent filed its opposition to the petition on August 7, 2015, and petitioner filed his reply on December 15,

1

2015.  (*See* ECF No. 9, Opposition to *Habeas* Petition; ECF No. 23, Memorandum in Support of Habeas Petition.)  On October 24, 2016, petitioner moved for leave to file a supplemental *habeas* petition and simultaneously filed the supplemental petition, after completion of his post-conviction motions for relief: a motion for writ of *coram nobis*, and a motion pursuant to Criminal Procedure Law ("N.Y.C.P.L.") § 440.10.  (*See* ECF No. 24, Motion for Leave.)  On December 12, 2016, the court granted petitioner's motion for leave to file the supplemental petition, and on March 13, 2017, respondent filed an opposition to the supplemental petition. (*See* ECF No. 24, Opposition to Motion for Leave.)  By motion dated August 25, 2017, petitioner moved in state court to set aside his sentence pursuant to N.Y.C.P.L.R. § 440.20, and on September 26, 2017, respondent opposed that motion.  (*See* ECF No. 36-1, State Court Record, at 3-24, 4-50.)  On October 11, 2017, the Supreme Court, Queens County, denied petitioner's § 440.20 motion.  (*Id*. at 51-56.)  Petitioner's motion for leave to appeal the October 11, 2017 decision to the Appellate Division was denied on March 15, 2018.  (*See* ECF No, 34, Motion to Amend at 3.)

## II.  Legal Standard

It is well established that pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be freely given, when justice so requires.  *See Cuoco v.*

2

*Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000). This rule applies with equal force to the adjudication of *habeas corpus* petitions. *Theard v. Artus*, No. 09-CV-5702, 2011 WL 4056054, at *1 (E.D.N.Y. Sept. 1, 2011). Leave to amend is properly denied, however, when an amendment would be futile. *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999).

### III. Discussion

Petitioner's Motion to Amend, though considered timely because it relates back to the original complaint, attempts to bring a claim that is futile. Accordingly, petitioner's Motion to Amend is denied.

#### a. Petitioner's Proposed Amendment Is Time-Barred

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A-D), there is a one year statute of limitations for state prisoners bringing *habeas corpus* petitions in federal court. The limitations period begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). "[D]irect review, as used in Section 2244(d)(1)(A), includes direct review by the United States Supreme Court via writ of certiorari, and . . . the limitations period for state prisoners therefore begins to run only after the denial of certiorari or the expiration of time for seeking certiorari." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.). A conviction becomes final when the time for direct appeal expires or the Supreme Court denies certiorari. *Id.* The time for seeking review in the Supreme Court expires ninety days after conclusion of direct review in state court. *See* Supreme Court Rule 13(1). The one-year statute of limitations can be tolled only for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

Petitioner's judgment of conviction became final on March 31, 2014, ninety days after petitioner was denied leave to appeal the New York Appellate Division's affirmation of his sentence. *See People v. Nunez*, 24 N.Y.3d 1087 (2014). Prior to petitioner's Motion to Amend, petitioner completed two post-

4

conviction motions: a petition for writ of *coram nobis* and a Motion to Vacate Judgment pursuant to Criminal Procedure Law §440.10. Petitioner's *coram nobis* petition was dated October 19, 2015, and was denied on May 18, 2016. *People v. Nunez*, 139 A.D.3d 983 (N.Y. App. Div. 2016). On June 9, 2016, petitioner applied to the Court of Appeals for leave to appeal the denial of leave to appeal the adverse determination of his petition for writ of *coram nobis*, however, that application was denied on August 24, 2016. *People v. Nunez*, 28 N.Y.3d 934 (N.Y. Ct. App. 2016).

Petitioner's § 440.10 motion, dated October 19, 2015, was denied on January 15, 2016. (*See* ECF No 29-1, Decision and Order, at 85.) Petitioner sought leave to appeal the denial of the § 440.10 motion to the New York Supreme Court, Appellate Division on February 2, 2016, and that motion was denied on June 9, 2016. (*See* ECF No. 29-1, Petition for Leave to Appeal, at 95.) By petition dated June 9, 2016, petitioner applied to the New York Court of Appeals for leave to appeal the June 9, 2016 denial of leave to appeal. His application "[was] dismissed because the order sought to be appealed from [was] not appealable under CPL §450.90(1). (*See* ECF No. 29-1, Order Denying Leave, at 97.)

Petitioner's conviction became final on March 31, 2014 and, absent any tolling, plaintiff had until March 31, 2015 to

5

bring his claims.  Upon independently recalculating the tolling periods, the court finds that although the state court motions toll the one-year statute of limitations, they are insufficient to render petitioner's proposed amendment timely.[1]  Petitioner filed a N.Y.C.P.L § 440.20 motion on August 25, 2017, challenging his sentence.  (*See* ECF No. 34, Motion to Amend, at 2 (citing ECF No. 19).)  By letter dated May 3, 2018, Petitioner then moved to amend his *habeas* petition in the instant proceeding to add a new claim based on his N.Y.C.P.L § 440.20 petition.  (*Id*.)  However, as the state court motion was commenced outside the limitations period, including tolling, it does not render timely petitioner's derivative motion to amend in this court.  Accordingly, petitioner's May 3, 2018 Motion to Amend is time barred.

        b. <u>Petitioner's Proposed Amendment Relates Back to the Original petition</u>

As petitioner's Motion to Amend was filed well after the statute of limitations had expired and he asserts no extraordinary circumstances excusing the delay, his Motion to Amend can only be granted if the claims he seeks to bring in the

---

[1] Respondent argues that because the June 9, 2016 §440.10 appeal to the Court of Appeals was procedurally improper under C.P.L § 450.90(1), it does not toll the limitations period. (*See* ECF No. 35, Respondent's Opposition at 1 n.1.) Regardless of whether the court considers the June 9, 2016 petition to the Court of Appeals to toll the limitations period, petitioner's proposed amendment is time-barred.

amendment relate back to the original petition. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir.2000); *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000); Fed.R.Civ.P. 15(c). An amendment relates back to the original petition if it asserts claims that arise out of the same conduct, transaction or occurrence as the original pleading. 235 F.3d at 815-816. Petitioner does not address whether the claims in his proposed amendment relate back, however, he seeks to amend the petition with regard to claims brought in his §440.20 petition. (*See* ECF No. 34 at 1.) The court, therefore, analyzes whether the claims brought in the §440.20 petition relate back to the original petition.

Petitioner's original *habeas* petition asserts claims regarding whether plaintiff's sentences on certain counts should have been imposed to run consecutively or concurrently, albeit, not the specific count referenced in his §440.20 petition. (*See* ECF No. 1, Habeas Petition, at 3.) Regardless, the issue raised in his §440.20 petition arises out of the same transaction and occurrence as that raised in his original petition—petitioner's sentencing and the specifics of the sentence imposed by the state court. Accordingly, "the original complaint gave the [respondent] fair notice of the newly alleged claims." *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 815 (2d Cir. 2000) (citing *Wilson v. Fairchild Republic Co.,* 143 F.3d 733, 738 (2d

7

Cir.1998)). As the question of notice is "the pertinent inquiry" in determining whether an amendment relates back to the original petition, the court finds that petitioner's amendment relates back, and the petition is therefore timely. *Id*.

### c. Petitioner's Claim Is Futile

Although, under Rule 15 of the Federal Rule of Civil Procedure, courts favor granting leave to amend where an amendment relates back to the original pleading, leave to amend should not be granted where the claim is futile. *Jones*, 166 F.3d at 50.

Petitioner's sole complaint in his § 440.20 petition is that "his sentence is illegal because the weapon possession sentence should have been imposed to run concurrently to the other sentences imposed for the other counts he was convicted of." (*See* ECF 36-1, State Record at 51 (Decision and Order of the Supreme Court, Queens County, dated October 11, 2017, analyzing the claims raised in petitioner's § 440.20 petition and denying petitioner's motion to vacate his sentence).) Respondent, as it does here, opposed the § 440.20 petition, arguing that this claim failed, because defendant's weapon possession sentence was indeed imposed to run concurrently, and not consecutively, with his other sentences. (*Id.*)

It is clear, from a review of the sentencing transcript from petitioner's sentencing, and the state court

record, that the court did not impose the sentence for petitioner's Criminal Possession of a Weapon in the Second Degree charge to run consecutively to plaintiff's other sentences.[2] (*Id.* at 52-53.) The weapons possession sentence was imposed to run concurrently. (*Id.*) Accordingly, incorporating the sole claim made in petitioner's § 440.20 petition provides no grounds on which *habeas* relief may be granted. Petitioner's proposed amendment is therefore futile, and petitioner's Motion to Amend is denied.

## IV. Conclusion

For the foregoing reasons, petitioner's Motion to Amend is denied, and the Clerk of Court is respectfully directed

---

[2] "Defendant was convicted on March 18, 2011 of two counts of Attempted Manslaughter in the First Degree C.P.L. §110.00/125.20[2]), one count of Aggravated Assault Upon a Police Officer (P.L. §120.11), one count of Criminal Possession of a Weapon in the Second Degree (P.L. §265.03[l][b]), two counts of Attempted Assault in the First Degree (P.L. §l 10.001120.10 [1]), one count of Assault on a Peace Officer, Police Officer, Fireman or Emergency Medical Services Profession (P.L. §120.08), one count of Theft of Services (P.L. §165.15[3]), and one count of Resisting Arrest (P.L. §205.30). On April 7, 2011, defendant was sentenced to **consecutive** prison terms of twenty five years for the Aggravated Assault Upon a Police Officer (P.L. §120.11), and fifteen years each for one of the counts of Attempted Assault in the First Degree (P.L. §110.00/120.10[1]) and one of the counts of Attempted Manslaughter in the First Degree (P.L. §110.00/125.20[2]). The Court also imposed **concurrent** prison terms of fifteen years for the second count of Attempted Manslaughter in the First Degree (P.L. §110.00/125.20[2]), Criminal Possession of a Weapon in the Second Degree (P.L.§265.03[l][b]), Attempted Assault in the First Degree (P.L. §110.00/120.10[1]), Assault on a Peace Officer, Police Officer, Fireman or Emergency Medical Services Professional (P.L. §120.08), and one year each for theft of services (P.L. § 165.15[3]) and resisting arrest (P.L. § 205.30). Additionally, the Court imposed a five-year term of post-release supervision." (ECF No. 36-1, State Court Record at 52-53 (October 11, 2017 Decision and Order, listing petitioner's counts of conviction and sentences) (emphasis added); *see also id.* at 45-46 (Petitioner's Sentencing Transcript, dated April 7, 2011).)

to mail a copy of this Memorandum and Order to *pro se* petitioner and note service on the docket.

**SO ORDERED.**

Dated:     March 22, 2019
           Brooklyn, New York

_____/s/_____
Hon. Kiyo A. Matsumoto
United States District Judge