UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RAUL NUNEZ,

                               Petitioner,                       **REPORT AND
                                                                              RECOMMENDATION**
     -against-
                                                                                **15-CV-1369 (KAM)**

**CHRISTOPER MILLER,**

                               **Respondent.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        On March 16, 2015, Raul Nunez ("Nunez" or "petitioner"), proceeding *pro se*, filed the pending *pro se* petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254. See Petition for Habeas Corpus (Mar. 16, 2015) ("Pet."), Electronic Case Filing ("ECF") Docket Entry ("DE") #1. Nunez challenges his March 18, 2011 conviction for: two counts of attempted manslaughter in the first degree; aggravated assault upon a police officer; criminal possession of a weapon in the second degree; two counts of attempted assault in the first degree; theft of services; and resisting arrest.[1] Those charges stem from an October 21, 2008 incident in which petitioner shot and seriously wounded two police officers, and fired at a third police officer.

        Petitioner filed the instant Petition on March 16, 2015, in order to satisfy the statute of limitations while he returned to state court to exhaust his remedies. By letter dated October 20, 2015, petitioner provided the District Court with copies of a motion to vacate the judgment

---

[1] Petitioner was also convicted of assault on a peace officer, police officer, fireman, or emergency medical services professional, but that conviction was reversed by the Appellate Division. See People v. Nunez, 120 A.D.3d 714, 991 N.Y.S.2d 121 (2d Dep't 2014).

1

filed in Supreme Court and a writ of error *coram nobis* filed in the Appellate Division.  See Letter dated 10/20/15 to Judge Kiyo A. Matsumoto from Raul Nunez (Oct. 23, 2015), DE #19.

In submissions filed on October 24, 2016, and December 15, 2016, petitioner requested leave to supplement his habeas Petition, merely attaching the submissions filed in state court regarding his claims for ineffective assistance of trial and appellate counsel, and the corresponding state court decisions.  See Notice of Motion for Leave to File (Oct. 24, 2016), DE #24; Memorandum of Law (Dec. 15, 2015), DE #23.  On December 12, 2016, Judge Matsumoto granted petitioner's application to supplement, and ordered briefing on the new issues.  See Order (Dec. 12, 2016).  Thereafter, on May 3, 2018, after unsuccessfully moving in state court to set aside his sentence, petitioner, over respondent's objection, moved to amend his Petition.  See Letter Motion to Amend/Correct/Supplement (May 10, 2018), DE #34; Letter (June 11, 2018), DE #35.  By Order dated March 22, 2019, Judge Matsumoto denied petitioner's motion to amend because the proposed claim was meritless and thus would be futile.  See Order (Mar. 22, 2019), DE #37.  Thereafter, Judge Matsumoto referred the matter to this magistrate judge for a report and recommendation.[2]

Among the claims raised, petitioner contends that: (1) the trial court erred in denying the jury's request for a read-back of defense counsel's summation; (2) the trial court deprived petitioner of his right to a fair trial in refusing to submit to the jury reckless assault as a lesser included offense of intentional assault; (3) the trial court deprived petitioner of his right to a fair trial by refusing to charge justification for assault on a police officer; (4) petitioner's

---

[2] Although an order was entered into the docket on April 2, 2019, requesting a report and recommendation, this Court did not receive electronic notification of that order, which had not been docketed as a referral order.

sentence is excessive; (5) some of the convictions were against the weight of the evidence; (6) the manslaughter count should have been dismissed in light of acquittals on some of the counts of the indictment; (7) certain aspects of the sentences should be ordered to be served concurrently rather than consecutively; (8) the trial court failed to respond meaningfully to jury notes requesting read-backs of eyewitness testimony; (9) petitioner's statements to police officers should have been suppressed; and (10) petitioner was deprived of his right to effective assistance of trial and appellate counsel. The claims concerning trial counsel allege that he failed to: (a) request a *Dunaway* hearing in connection with the motion to suppress petitioner's statements; (b) move to dismiss the indictment based on the prosecutor's failure to instruct the grand jury on the defense of justification; and (c) understand that the two defenses asserted, extreme emotional disturbance and justification, are inconsistent defenses. As to the ineffectiveness of appellate counsel, petitioner claims that counsel failed to raise two arguments concerning the trial court's jury charge: (a) that the interested witness charge was unbalanced and unconstitutional, and (b) the sympathy charge was unconstitutional.

After conducting a careful review of all the submissions, the Court was in the process of preparing an opinion recommending that the Petition be denied in its entirety because many of the claims are unexhausted and/or procedurally barred, and all of the claims are meritless. However, according to the New York State Department of Corrections ("DOCS") website, petitioner died on August 10, 2019.[3] See http://nysdoccslookup.doccs.ny.gov. In response to an order entered on April 16, 2020, respondent confirmed on April 23, 2020, that petitioner is deceased. See Letter in response to Court's 4/16/20 order (Apr. 23, 2020), DE #38;

---

[3] Respondent failed to notify the Court of petitioner's death.

Electronic Scheduling Order (Apr. 16, 2020). Because the only relief petitioner seeks in his habeas Petition is release from state custody on the basis that his conviction was obtained illegally, there is no relief that the Court could award him. Therefore, the Petition is rendered moot and must be dismissed. See Hoppe v. Griffin, No. 9:17-cv-00170-JKS, 2019 WL 227388, at *4 (N.D.N.Y. Jan. 16, 2019); Rivera v. Pearlman, No. 02 Civ. 2399(LAK), 2004 WL 533333, at *1 (S.D.N.Y. Mar. 16, 2004); accord Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013) (dismissing as moot habeas petition of petitioner who had died after submission of the case for decision); Garceau v. Woodford, 399 F.3d 1101, 1101 (9th Cir. 2005) (same).

## CONCLUSION

For the foregoing reasons, this Court recommends that Nunez's Petition be dismissed as moot. Any objections to the recommendations contained in this Report and Recommendation must be filed with Judge Matsumoto on or before May 7, 2020. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated:** Brooklyn, New York
April 23, 2020

/s *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**